**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PAVON MARIANO LEONARDO,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-06139-JLT-EGC

A-Number: 240-465-175

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 4)

## I. INTRODUCTION

Before the Court is Pavon Mariano Leonardo's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges his ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and habeas petition, asserting that Petitioner is detained under 8 U.S.C. § 1226(a) after overstaying her nonimmigrant visa. (Doc. 7 at 1.) For the reasons set forth below, the Court **GRANTS** the habeas petition.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 7.) Respondents "request that the Court resolve the petition without further briefing or argument." (Doc. 7 at 1, n.1.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying petition.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. BACKGROUND

Petitioner is a citizen of Argentina who entered the United States in April 2024, on a B2 nonimmigrant visitor visa with authorization to remain in the United States not to exceed October 8, 2024. (Doc. 9-1 at 2.) Petitioner never left the United States as required. (*Id.*) Petitioner was arrested by immigration officials at the Sacramento Airport pursuant to a warrant for arrest of alien on or about July 9, 2026. (*Id.*; *see also* Doc. 9-2 at 1.) That same day, Petitioner a Notice to Appear charging Petitioner as removable under INA § 237(a)(1)(B), codified in 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant under Section 101(a)(15) who remained in the United States for a time longer than permitted. (Doc. 9-5.) Petitioner was not previously detained and there is no record of him having any criminal history in the United States or any applications or petitions pending for relief. (Doc. 9-1 at 2.) Petitioner was transferred to California City Detention Facility in California City, California, where he remains. (Doc. 1 at 1.)

Following his detention, Petitioner was informed of his ability to request a custody determination by an immigration judge. (Doc. 9-3 at 1.) A bond hearing was scheduled for August 12, 2026. (Doc. 9-6.) At the hearing, Petitioner requested additional time to provide records, and the hearing request was withdrawn and according to the order. (*Id.*) On September 1, 2026, Respondents informed the Court that as of that date, Petitioner had yet to refile his request for a bond hearing.

///

////

## IV. DISCUSSION

### A. Exhaustion

In their opposition to habeas relief, Respondents contend that because Petitioner was admitted to the United States, he is subject to 8 U.S.C. § 1226(a) and would be entitled to a bond hearing. (Doc. 9 at 3.) Respondents argue that Petitioner failed to exhaust his administrative remedies before bringing this action because Petitioner has not refiled his request for a bond hearing. (*Id.*)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, the Court finds that the pursuit of administrative remedies would be both a futile gesture and result in irreparable harm. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion because of irreparable harm resulting from prolonging the petitioner's already lengthy detention). As such, the prudential exhaustion requirement should be waived.

### B. Remedy

Petitioner is charged as removable under 8 U.S.C. § 1227(a)(1)(B) which states: "Any alien . . . whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." As such, Petitioner is currently in removal proceedings and her detention is

governed by 8 U.S.C. § 1226(a), as Respondents concede in their opposition. (*See* Doc. 9 at 3.) Under Section 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2).

Here, as evidenced by the I-200 Administrative Warrant and Notice to Appear issued at the time of Petitioner's arrest, the Government has already made an initial custody determination pursuant to 8 C.F.R. § 1236.1(b)(1) to detain the Petitioner pending an outcome of his removal proceedings. (*See* Doc. 9-2.) That regulation provides: "In general. At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1). On habeas grounds, Petitioner now seeks a bond hearing where the Government bears the burden of proving by clear and convincing evidence that Petitioner presents a flight risk or danger, or that this Court orders her immediate release. (*See* Doc. 1 at 17.) However, given that Petitioner overstayed his visa, Petitioner is only entitled to the relief afforded by applicable regulations.

As this Court previously explained:

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). As such, the Court finds that Petitioner is entitled to a custody redetermination before an Immigration Judge

under 8 C.F.R. § 1236.1(d)(1). As such, the Court grants Petitioner's habeas petition to the extent he requests, and is entitled to, a custody redetermination before an IJ. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2. The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and a flight risk if not detained.

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[2]

7. The Clerk of Court is directed to serve California City Detention Facility in California City, California, with a copy of this Order.

///

///

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

8. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 3, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE